The Honorable Randy Laverty State Representative P.O. Box 303 Jasper, Arkansas 72641
Dear Representative Laverty:
This is in response to your request for an opinion on a question concerning A.C.A. § 6-18-203 (Supp. 1995), which allows the children of a person who owns a tract of land situated in two different school districts to attend school in either district. You pose a situation in which a land developer purchases land "clearly" within one school district, and then purchase a small strip of land in another district which connects each property. Specifically, you pose the following question:
 Is this law applicable when land clearly in one school district is intentionally purchased and designed to create a residential neighborhood which gives every household the choice of two school districts? Was it the intent of this law to be used in such a way as to create an unfair profit-making situation for one county over another?
It is my opinion that the answer to your first question is "yes," the law is applicable in such a situation, and the answer to your second question is "no," this was not in all likelihood the intention of the law.
As you have noted, the applicable statute, A.C.A. § 6-18-203(a) (Supp. 1995) provides as follows:
 (a) When any person owns a tract of land on which the person resides and which tract of land is located partially in one school district and partially in another, the school-age children of that person shall be eligible to attend school in either of the school districts, regardless of the location of the home on such lands.
In my opinion this statute, on its face, would be applicable to the situation you describe, notwithstanding the fact that the subdivision was intentionally developed to take advantage of this law. The provision above, when enacted in 1983, was not restricted to existing ownership of parcels of land, and on its face would apply to parcels of land purchased or subdivided after the effective date of the act. There is currently no exception in the statute for the situation you describe.
In response to your second question, it is my opinion that the intention of this provision was not to "create an unfair profit-making situation for one county over another." I am unsure exactly what is meant by this assertion. Counties, of course, are not profit-making entities, but rather, governmental subdivisions. I assume that your question alludes to the fact that one school district may be placed in a disadvantaged situation by this land development, in that landowners in the development will not choose to attend school in its district, but will opt to attend school in the other district in which a part of their land lies. School districts, of course, receive state funding based upon the number of students attending.
In my opinion, the situation you have outlined was in all likelihood not contemplated under the statute when it was enacted. In my opinion, however, the scenario described above falls within the language of the statute on its face, and thus, the statute is "applicable" to those facts. Of course, the legislature is free to amend the statute to comport with its intention in this regard, should it feel the necessity.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh